# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SPENCER COX, *et al.*,<br><br>    Plaintiffs,<br><br>UTAH FARM BUREAU FEDERATION, *et al.*,<br><br>    Intervenor-Plaintiffs,<br><br>vs.<br><br>DEBRA HAALAND, *et al.*,<br><br>    Defendants,<br><br>THE WILDERNESS SOCIETY, *et al.*,<br><br>    Intervenor-Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:16-CV-101-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

    This matter is before the court on Plaintiff's Motion to Lift Stay [ECF No. 170]. The motion is fully briefed, and the court concludes that oral argument on the motion would not significantly aid the court in its determination of the motion. Accordingly, the court issues the following Memorandum Decision and Order based on the parties' written submissions and the facts and law relevant to the motion.

    Plaintiffs move for an order lifting the stay of this action challenging the Bureau of Land Management's ("BLM") and the U.S. Forest Service's 2015 plan amendments regarding the conservation of Greater Sage Grouse. On July 13, 2017, this court initially stayed the case at the joint request of the parties while the BLM and Forest Service engaged in additional planning

efforts relating to the 2015 plan amendments. The BLM completed its process and issued additional plan amendments in 2019. The 2019 plan amendments, however, were preliminarily enjoined by a court in the District of Idaho. After that ruling, the BLM committed to undertaking a new planning process regarding the conservation of Sage Grouse.

The court has broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am, Co.*, 2099 U.S. 248, 254 (1936).

Plaintiffs ask the court to determine the appropriateness of the 2015 plan amendments, but those plan amendments are essentially moot. The BLM has begun a new planning process regarding these issues. Although Plaintiffs think the BLM's new planning process will result in the re-adoption of the 2015 plan amendments, that belief is speculation. While it remains unclear what the new plan amendments will look like, it is a waste of the court's and the parties' resources to litigate the 2015 plan amendments. There is no indication that Defendants are dodging review of the 2015 amendments. The fact is that there are multiple cases relating to these issues and the BLM is seeking new input in an attempt to address prior concerns. This chance to provide input also negates any harm to Plaintiffs during the pendency of the stay. Instead of pursuing the direct course of challenging the District of Idaho's ruling that has invalidated their preferred plan amendment, Plaintiffs seek to reopen this case to get a different result. The court agrees with Defendants that such litigation would be fruitless because the relief Plaintiffs seek—a remand for further planning—is already underway.

Accordingly, the court concludes that lifting the stay at this juncture would be a waste of the parties' and the court's resources. Therefore, the court denies Plaintiffs' Motion to Lift Stay [ECF No. 170].

DATED this 24th day of March, 2022.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge